IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-418 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| NARCHSON PRIEST, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

On August 18, 2022, Defendant Narcshon Priest ("Defendant") filed three motions: Motion for Discovery ("Defendant's First Motion") (doc. no. 14); Motion for Production of *Brady* Material ("Defendant's Second Motion") (doc. no. 15); and Motion for the Production of "Giglio" Evidence ("Defendant's Third Motion") (doc. no. 16). On August 26, 2022, the United States of America filed the Government's Response to Defendant's First, Second and Third Motions ("the Government's Response"). (Doc. No. 19.) Defendant's Motions are now ripe for a decision.

In Defendant's First Motion, Defendant asks this Court to issue an order requiring the Government to produce: Defendant's Statements, pursuant to Rule 16(a)(1)(A); Defendant's Prior Criminal Record, pursuant to Rule 16(a)(1)(B); Documents and Tangible Objects, pursuant to Rule 16(a)((1)(C); Report of Examinations and Tests, pursuant to Rule 16(a)(1)(D); and Summaries of Expert Testimony, pursuant to Rule 16(a)(1)(E).

In the Government's Response, the Government represents that it will permit Defendant to inspect and copy or photograph: statements that Defendant made to law enforcement agents, to include recorded statements of Defendant in the form of a body camera recording; Defendant's prior record; documents and tangible objects listed in Rule 16(c); and Reports of examinations and tests

listed in Rule 16(d), specifically 8 items set forth or described on page 2 of the Government's Response (Doc. No. 19, PageID # 47.). The Government represents that it does not possess the following: grand jury testimony by Defendant; and information about Defendant's prior record, other than what has already been provided to Defendant and included in the Pretrial Services Report. The Government represents that it will supplement additional discovery as received. Accordingly, Defendant's First Motion is denied as moot, without prejudice to re-filing if/as necessary, as the Government has heretofore provided Defendant with discovery, represented that it will permit inspection, copying and photographing documents and tangible objections and reports of examinations and tests, and that it will continue to meet its discovery obligations as it receives additional information or documents.

In Defendant's Second Motion, and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1964) and its progeny, Defendant moves this Court for an order compelling the Government to disclose to him all exculpatory evidence which exists in this case relating to guilt and/or punishment; order that any question with regard to whether certain information constitutes *Brady* material be resolved by immediate presentation of such information to the Court for an *in camera* determination; and that Defendant's counsel be provided notice of any *in camera* presentation being made. In Defendant's Third Motion, and pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny, Defendant moves this Court to order the Government to produce any information known or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witness expected to be called to testify by the Government at Trial, and delineates the specific information sought. (Doc. No. 16, PageID # 41.) In the Government's Response, the Government represents that it is mindful of its obligations under *Brady, United States v. Agurs*, 427 U.S. 97 (1977),

2

and *Giglio* and "to the extent such information exists, the government will divulge to counsel at or shortly before the time of trial all promises or inducements offered to government witnesses, any plea agreements entered into therewith, the prior conviction of all such witnesses, any financial consideration provided thereto, and all other impeachment material subject to disclosure under the foregoing authorities." (Doc. No. 19, PageID # 48.) Accordingly, Defendant's Second and Third Motions are denied as moot, without prejudice subject to re-filing if/as necessary.

**IT IS SO ORDERED.**

Date: September 6, 2022

 s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE